# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES, for the use and benefit of MANGANARO MIDATLANTIC LLC | * * * * | |
| v. | * * * | Civil No. PX-16-2816 |
| GRIMBERG/AMATEA JV, JOHN C. GRIMBERG COMPANY, INC., AMATEA, LLC and HARTFORD ACCIDENT AND INDEMNITY COMPANY | * * * * * | |

********

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Maganaro Mid-Atlantic, LLC's ("MMA") motion for leave to file a motion for partial summary judgment, ECF Nos. 40 & 41, which is opposed by Defendants Amatea, LLC ("Amatea"), John C. Grimberg Co., Inc. ("Grimberg"), Grimberg/Amatea JV ("GAJV") and Hartford Accident and Indemnity Company ("Hartford) (collectively, "Defendants"). ECF No. 43. The deadline for pretrial dispositive motions was July 15, 2017, and MMA's previous motion for partial summary judgment was denied, ECF No. 30. MMA now requests leave to file a new motion for partial summary judgment under Federal Rule of Civil Procedure 16(b)(4). ECF No. 40. The Court had abstained from ruling on this motion in light of ongoing settlement discussions, which proved unsuccessful. The Court now rules under Local Rule 105.6 because no hearing is necessary. For the following reasons, the Court DENIES Plaintiff's motion for leave, ECF No. 40. The Court also DISMISSES as moot the summary judgment motion, ECF No. 41.

## I. STANDARD OF REVIEW

Where, as here, a party seeks leave to file a dispositive motion after the deadline established by the scheduling order has passed, two Federal Rules of Civil Procedure are implicated: Rules 6(b)(1)(B) and 16(b)(4). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 16(b)(4) allows a scheduling order to be modified "only for good cause and with the judge's consent." Other courts in this Circuit have held that "[t]he good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)." *Everhart v. WMATA*, No. DKC 11-2155, 2012 WL 6136732, at *2 (D. Md. Dec. 10, 2012); *Neighbors Law Firm, P.C. v. Highland Capital Mgt., L.P.*, No. 5:09–CV–352–F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (Rule 16(b)(4) governs disposition of a motion for leave to file a summary judgment motion after expiration of the scheduling order's dispositive motions deadline); *Richardson v. United States*, No. 5:08–CV–620–D, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010) (same); *see also LFE Distribution Inc. v. State Farm Lloyds*, No. 5:16-cv-116, 2018 WL 2985908 (S.D. Tex. Mar. 2, 2018) (same).

"Good cause" under Rule 16(b)(4) is established when the moving party shows that it could not meet the deadlines in the scheduling order despite diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997*), aff'd by unpublished opinion*, 129 F.3d 116, 1997 WL 702267 (4th Cir. 1997)). Indeed, although the Court may consider such factors as the length of the delay and any prejudice that flows from such delay, *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010), "the primary

consideration ... in [determin] ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence," *Everhart*, 2012 WL 6166732, at *2 (quoting *Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11–0951, 2012 WL 642838, at *3 (D. Md. Feb. 27, 2012)). "Lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" *Id.* (quoting *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W.Va. 2001). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va.1995).

## II. ANALYSIS

On December 19, 2017, this Court denied, by written Opinion, MMA's motion for partial summary judgment on Count I, its breach of contract claim against Defendant GAJV. The Court addressed the "no damages for delay" clause in the parties' subcontract and found that a "reasonable juror" could find that the clause barred recovery of the damages from GAJV. ECF No. 30 at 8–11. The Court further found summary judgment inappropriate because "genuine disputes of material fact" existed regarding conditions precedent to payment under the Subcontract, ECF No. 30 at 11–14, and that additional questions remained regarding whether the alleged damages were offset by back charges that GAJV issued to MMA. ECF No. 30 at 14–18.

MMA now seeks anew for summary judgment on Count III against Defendant Hartford as to liability, arguing that as a matter of law Hartford, as surety, may not avail itself of the Subcontract's "no damages for delay" clause, and thus Hartford is liable to Maganaro in an amount not less than $113,532.64. *See* ECF No. 41-1. MMA explains that it did not previously raise this argument for two reasons: (1) the motion is based "in significant part" on the United States District Court for the Eastern District of Virginia's decision in *United States o/b/o Kitchens to Gov. John C. Grimberg Co., Inc.*, 283 F. Supp. 3d 476 (E.D. Va. 2017), and (2)

MMA's new counsel, retained after the Court issued its decision on the previous motion for summary judgment, discovered the grounds for the motion for partial summary judgment "through diligent review of the record." *See* ECF No. 40.

Importantly, the parties agree that even if MMA prevailed on this late-filed motion for summary judgment, the motion at best accords partial relief. *See* ECF Nos. 40 at 2–3; 43 at 6–7; 44 at 5–6. Thus, Defendants argue, deciding the motion will do no more than increase litigation costs and delay trial. *See* ECF No. 43 at 5–6. More to the point, Defendants argue that MMA falls short of showing "good cause" to permit the delinquent motion under Rule 16(b). The Court agrees with Defendants.

MMA has not shown "good cause" to allow the Plaintiff to file its second motion for summary judgment submitted seven months after the dispositive motions deadline. *See* Fed. R. Civ. P. 16(b)(5). MMA contends that the Court should grant the motion because the renewed summary judgment motion relies on *United States o/b/o Kitchens to Go v. John C. Grimberg Co., Inc.*, 283 F. Supp. 3d 476 (E.D. Va. 2017), an opinion issued after the previous deadline. But the arguments raised and resolved in *Kitchens to Go*, and all supporting authority, were at MMA's disposal prior to the original motions filing deadline, and MMA elected not to raise those arguments. *See* ECF No. 43 at 3–8; *Kitchens to Go*, 283 F. Supp.3d at 481–85. MMA does not contend that the legal theories asserted in *Kitchens to Go* were unavailable to them previously. Nor does MMA explain why the grounds for its proposed second motion for summary judgment were unknown to their prior counsel. *See* ECF No. 40 at 2; *see generally* ECF No 44.[1] Thus, in large part, it appears that the proposed motion was spurred by MMA's

---

[1] It further bears noting that *Kitchens to Go* does not bind this Court, and as MMA recognizes, the availability of a "no damages for delay" and "pay-if-paid" defense for a surety is a "field of law [that] is rapidly evolving." ECF No. 44 at 3. No published or controlling Circuit authority squarely addresses the enforceability of no-damages-for-delay clauses by sureties, and courts within this district are divided on this question. *Compare United States ex rel. Aarow*

retention of a new counsel, which does not satisfy "good cause" under Rule 16(b). *See e.g. Buchanan Cty., Va. v. Blankenship*, 434 F. Supp. 2d 553 (W.D. Va. 2008); *Sall v. Bounassissi*, No. DKC 10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011); *see also Patel v. Pandya*, No. 14–8127 (WJM), 2016 WL 6902396, at *5 & n.8 (D. N.J. Nov. 22, 2016); *Lyden v. Hogan Dedicated Servs.*, LLC, Case No. 15–9289–CM, 2016 WL 6778941, at *2 (D. Kan. Nov. 16, 2016); *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, 15–CV–2206 (ARR), 2016 WL 3821310, at *4 (E.D.N. Y. July 12, 2016); *accord Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408–409 (4th Cir. 2010).

MMA proposes that the motion "should be entertained absent a showing of bad faith." *See* ECF No. 40 at 1–3; ECF No. 43 at 2–3.[2] This position is untenable. " 'Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment;' " an important and distinct concept from whether a party operates in good faith. *RFT Management, Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)); *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. DKC 13-1822, 2016 WL 3668028, at *3–6 (D. Md. July 11, 2016) (rejecting plaintiff's argument regarding judicial economy because the argument "fails to address the proper standard under Rule 16(b)" and did not demonstrate "diligence and good cause") (citing *Reyazuddin v. Montgomery Cty, Md.*, No. DKC 11-0951, 2012 WL 27241, at *6 (D. Md. Jan. 4,

---

*Electrical Solutions, LLC v. Continental Casualty Co.*, No. ELH-16-3047, 2017 WL 3642957, at *8 (D. Md. Aug. 24, 2017) *with Chasney & Co., INc. v. Hartford Accident & Indemnity Co.*, No. WDQ-14-2148, 2015 WL 3887792, at *3 (D. Md. June 22, 2015); *see also Kitchens to Go*, 283 F. Supp.3d at 483 n.9. Accordingly, it is far from clear that an *additional* round of briefing on a new motion would resolve liability, but would certainly drive up litigation costs and delay final disposition of this matter.

[2] MMA also cites several cases where courts allowed delinquent motions based, in part, on the party's "good faith" basis to bring them. *See* ECF No. 40 at 2 n.4; ECF No. 43 at 2–3. None of these cases concern a motion for leave filed after resolution of the party's own, timely filed, summary judgment motion. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 474 (D. Md. 2010) (allowing delinquent motion in FLSA case, where none was previously filed); *Brumback v. Callas Contractors, Inc.*, 913 F. Supp. 929, 933–34 (D. Md. 1995) (permitting a motion for summary judgment that was filed four days late); *Gardner v. Greg's Marine Const., Inc.*, No. DKC 13-1768, 2014 WL 198215 (permitting a late-filed motion to dismiss or for summary judgment where there was no record of return of service on the defendant).

2012); *accord Eclipse Packaging, Inc. v. Stewarts of America, Inc.*, 731 F. App'x 168 (4th Cir. 2018); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

Further, even if the Court were considering judicial economy, allowing the motion would be decidedly un-economical. Allowing this late filing requires this Court to credit the notion that any time a new, non-binding, debatably favorable case is decided, a renewed motion shall be permitted. This broad license to re-file would upset reasonable expectations of finality in milestone scheduling dates and encourage parties to scour dockets for "new" but otherwise foreseeable issues. It would also discourage diligence to spot and raise all related issues at once and in a timely fashion. MMA's purported "good faith" in bringing their motion is not sufficient grounds to allow them a second bite at the summary judgment apple. *See* Fed. R. Civ. P. 16(b). Accordingly, the motion for leave to file a second motion for summary judgment is DENIED.

### III. CONCLUSION

For the foregoing reasons, it is this 10th day of August, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Plaintiff's motion for leave to file motion for partial summary judgment, ECF No. 40, is DENIED;
2. The motion filed at ECF No. 41 is DISMISSED as moot;
3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the parties.

8/10/2018
Date

/s/
Paula Xinis
United States District Judge